UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 03-298 |
| GANNON V. JOHNSON | SECTION "F" |

ORDER AND REASONS

Before the Court are three motions filed by Gannon Johnson: (1) a motion for relief from judgment, (2) a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, and (3) a motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c)(2). For the reasons that follow, the motions are DENIED.

Background

Gannon Johnson, a federal prisoner, challenges the term of imprisonment imposed upon him by this Court in August of 2005, after he pled guilty to several drug related offenses. Johnson moves this Court to vacate and reopen time to appeal its Order denying him leave to file an out-of-time appeal, to vacate its Order sentencing him to 250-months imprisonment, and to impose sanctions upon the U.S. Attorney opposing his motions.

On April 14, 2005, pursuant to a plea agreement, Johnson pled guilty to possession with intent to distribute cocaine base, cocaine hydrochloride, and crack; being a felon in possession of a

1

firearm; and two counts of distributing cocaine base. As part of the plea agreement, Johnson waived his right to appeal his sentence. On August 3, 2005, this Court sentenced Johnson to a 250-month term of imprisonment. Six days later, on August 9, 2005, Johnson's then attorney, Charles Gary Wainwright, filed a Notice of Intent to take appeal. On August 29, 2005, Hurricane Katrina hit New Orleans.

In the aftermath of Hurricane Katrina, Johnson lost contact with Wainwright, and Wainwright lost track of the appeal. Specifically, Wainwright failed to timely order a transcript, to make financial arrangements with the court reporter, and to pay the docketing fee. As a result, on January 19, 2006, the United States Court of Appeals for the Fifth Circuit dismissed Johnson's appeal for want of prosecution.

Around the end of 2006, after multiple attempts, Johnson eventually regained contact with Wainwright. At this time, Johnson inquired into the status of his direct appeal, and discovered that it had been dismissed as a result of Wainwright's inaction.[1] Johnson took no further action to pursue a direct appeal at this time. Instead, more than one year later, on August 22, 2008,

---

[1] Johnson does not precisely identify when he discovered Wainwright's failure to prosecute his direct appeal. He indicates that he "realized he was not receiving the quality of representation he was entitled to" in 2006. At the latest, Johnson discovered the status of his direct appeal on November 29, 2006 (or shortly thereafter), when his father visited Wainwright's office to inquire into the matter.

Wainwright filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582, invoking the retroactive application of the November 2007 amendment to the federal sentencing guidelines applicable to crack cocaine offenses.  A Federal Public Defender was appointed to represent Johnson in his pursuit to reduce his sentence.  On November 24, 2008, this Court granted the motion, reducing Johnson's sentence from 250 to 220 months.

Unsatisfied, on July 28, 2009, more than two years after discovering that his counsel had abandoned his direct appeal, Johnson filed a pro se motion for an out-of-time appeal.  Through this motion, Johnson sought permission to directly appeal his original sentence.  On October 13, 2009, the Magistrate Judge issued a Report and Recommendation, recommending that Johnson's motion be denied.  After Johnson failed to file any objections, on November 23, 2009, this Court adopted the Magistrate Judge's Report and Recommendation, and denied Johnson's motion for leave to file an out-of-time appeal.[2]

---

[2] In recommending that Johnson's motion for an out-of-time appeal be denied, the Magistrate Judge relied on the fact that Johnson waived his right of direct appeal.  Though Johnson claimed ineffective assistance of counsel based on Wainwright's failure to prosecute his direct appeal within the motion, the Magistrate Judge did not address that issue.  Because the defendant did not object to the Magistrate Judge's Report and Recommendation, this Court adopted it as its opinion.
  Now it appears as if the motion for out-of-time appeal should not have been disposed of based on waiver, but, instead, should have been construed as a § 2255 motion. If the motion were so construed, then Johnson would have, under United States v. Tapp, 491 F.3d 263 (5th Cir. 2007), proved ineffective assistance

Three months later, Johnson filed the first of the three motions currently before the Court. By his first motion, a motion for relief from judgment, Johnson seeks additional time to appeal this Court's November 2009 order, in which the Court denied his motion for leave to file an out-of-time appeal; Johnson suggests that he never received a copy of the Magistrate Judge's Report and Recommendation, and that he did not learn of this Court's order until after the time within which to appeal it had elapsed. By his second motion, a motion to vacate, set aside, or correct sentence, Johnson seeks collateral relief from this Court's August 2005 judgment; in particular, Johnson claims his sentence should be vacated because Wainwright's failure to prosecute his appeal constituted ineffective assistance of counsel.[3] By his third and final motion, a motion for sanctions, Johnson urges the Court to sanction the Assistant U.S. Attorney for "knowingly presenting [a] factual misrepresentation to the Court" in the Government's

---

of counsel. However, even if the motion were so construed, Johnson still would not have been entitled to relief, because, as discussed below, the motion would have been time-barred under § 2255(f).

[3] Johnson begins his habeas petition by stating that he was denied effective assistance "prior to and after his guilty pleas." However, Johnson only provides support for the allegation of ineffective assistance of counsel <u>after</u> he pled guilty; that is, when Wainwright failed to prosecute Johnson's appeal.
   On August 15, 2011, this Court ordered that the government submit supplemental papers addressing Johnson's invocation of <u>United States v. Tapp</u>, 491 F.3d 263 (5th Cir. 2007) in support of his ineffective assistance of counsel claim. Both sides submitted supplemental papers.

4

memorandum in opposition Johnson's motion to vacate.[4]

I.

A federal prisoner may file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Section 2255 allows a prisoner in federal custody to challenge his sentence if it "was imposed in violation of the Constitution or the laws of the United States...or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Where ineffective assistance of counsel leads to a failure to prosecute a direct appeal, a defendant may obtain relief under § 2255.  This is true even where a defendant has waived his right to pursue a direct appeal, and even without a showing that the appeal would have merit.  United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007) (holding that defense counsel's failure to file a requested appeal is per se ineffective assistance of counsel, even where a defendant has waived his right to direct appeal and collateral review).

However, all § 2255 motions are subject to a one-year statute of limitations.  The limitations period for a § 2255 motion runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

---

[4] Specifically, Johnson takes issue with the Government's statement that "Johnson's contention that his sentence was calculated using the career offender enhancement is incorrect."

> United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered by the exercise of due diligence.

28 U.S.C. § 2255(f). A motion filed over a year after the latest of these dates will be dismissed as untimely.

## II.

### A.

Johnson contends that his counsel was per se ineffective by failing to prosecute his direct appeal. The Court agrees.[5]

Under United States v. Tapp, Wainwright's failure to prosecute Johnson's appeal constituted ineffective assistance of counsel, and entitled Johnson to seek relief pursuant to 28 U.S.C. § 2255(a). 491 F.3d 263, 264 (5th Cir. 2007). According to United States v. Tapp, Johnson was entitled to seek such relief regardless of the fact that he waived his appeal rights, and even without a showing that the appeal would have merit. Id. at 266. However, in order to be eligible for such relief, as a threshold matter, Johnson's

---

[5] Although the Government initially objected to this conclusion, once the Court required supplemental papers on United States v. Tapp, 491 F.3d 263 (5th Cir. 2007), the Government conceded the issue.

motion must be timely under § 2255(f).⁶ It is not.

Johnson has neither proven nor alleged that subsections (2), (3), or (4) of § 2255(f) apply; thus, applying subsection (1), in order for Johnson's motion to be timely, it must have been filed within one year from the date his conviction became final. It was not. Johnson's judgment and commitment order was entered on August 5, 2005; and the Fifth Circuit dismissed Johnson's appeal on January 8, 2006; however, Johnson's § 2255 motion was not filed until November 19, 2010. Because Johnson's motion was filed after the one-year limitations period, Johnson's § 2255 motion is time-barred.

Even if Johnson had attempted to invoke the other subsections of 28 U.S.C. § 2255(f), Johnson's motion would still be time-barred. While subsections (2) and (3) are inapplicable, Johnson might have presented an argument under subsection (4). Under subsection (4), the statute of limitations begins to run from the date the defendant could have with due diligence discovered the facts supporting his claim. Even indulging an argument by Johnson that the limitations period did not begin running on the date when his conviction became final, but, rather, on the date when he could have with due diligence discovered Wainwright's failure to prosecute

---

⁶ While ineffective assistance excuses the failure to timely file (or prosecute) a direct appeal, it does not excuse the failure to timely file a § 2255 motion. See United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (holding that equitably tolling the § 2255 limitations period on account of ineffective assistance of counsel was an abuse of discretion).

7

his appeal,[7] Johnson's motion falls well outside of the one-year limitations period. Johnson did in fact exercise due diligence, and thereby discovered the facts underlying his ineffective assistance of counsel claim around late 2006, when he regained contact with Wainwright. However, Johnson inexplicably waited until November 2010 to file this habeas petition, approximately three years too late. Accordingly, even under a subsection (4)-based argument, Johnson's § 2255 motion is untimely.

In a final attempt to rescue his time-barred habeas petition, Johnson urges the Court to construe his July 2009 motion for leave to file an out-of-time appeal as a § 2255 motion, and use that date to assess his compliance with the limitations period. However, even if the Court were to so construe the July 2009 motion, the motion would still have been filed over two years after Johnson discovered Wainwright's failure to prosecute his appeal, and over three years after his judgment of conviction became final. See 28 U.S.C. § 2255(f)(4),(1). His efforts to correct his original sentence are simply too late.

B.

The Court now turns to Johnson's remaining motions: his motion

---

[7] Subsection (4) would only apply insofar as the Court entertained Johnson's claim of ineffective assistance of counsel <u>after</u> his guilty plea. If the Court were to accept that Johnson received ineffective assistance of counsel "prior to and after his guilty pleas," then, per subsection (4), the limitations period would begin running prior to Johnson's guilty plea; and, because Johnson's judgment of conviction became final after he pled guilty, subsection (1) would govern. As already discussed, if subsection (1) governs, then the motion is time-barred.

for relief from judgment and his motion for sanctions. First, Johnson seeks relief, under Federal Rule of Civil Procedure 60(b), from this Court's November 2009 order denying his motion for leave to file an out-of-time appeal. Johnson insists that the Court should vacate and reopen time to appeal its November 2009 order. Johnson claims that he failed to receive either a copy of the Magistrate Judge's Report and Recommendation or a copy of this Court's order until after the times within which to object and appeal had elapsed.

Rule 60(b) allows a court to relieve a party from an order for mistake, inadvertence, surprise, neglect, or any other reason justifying relief. Fed. R. Civ. P. 60(b)(1), (6). The Court finds no reason justifying relief in this case. There is no support in the record for Johnson's claim that he never received a copy of the Magistrate Judge's Report and Recommendation; nor for his claim that he was not notified of this Court's November 2009 order in time to file an appeal.

Also, as to the merits of the underlying request for an out-of-time appeal—even if reconsideration were warranted, which it is not—Johnson has failed to show that he would be entitled to the out-of-time appeal. Indeed, in light of Johnson's argument that his motion for out-of-time appeal should have been construed as a § 2255 motion, the motion would be denied: as discussed above, construing the motion as a habeas petition, it would be untimely. Therefore, even upon reconsideration, Johnson would still not be entitled to

the relief he seeks.

Accordingly, Gannon Johnson's motion for relief from judgment is DENIED; Johnson's § 2255 motion to vacate, set aside, or correct sentence is DENIED; and Johnson's motion for sanctions is DENIED.[12]

New Orleans, Louisiana, November 7, 2011.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[12] Because the Court does not reach the merits of the habeas claim, which is time-barred, the motion for sanctions is moot.